UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WOW VIRTUAL REALITY, INC,

          Plaintiff

      -v-

CHANGCHUN BAIDROID
PHOTOELECTRIC CO., LTD. *et al*,
          Defendants.
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/2020

1:19-cv-5475-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

  On January 30, 2020, Plaintiff filed papers in support of its Order to Show Cause. *See* Dkt. Nos. 38-44. Attachment A to the Court's Individual Rules requires that Plaintiff must provide a memorandum of law that sets for the elements of each cause of action as to which default judgment is sought, with supporting legal authority, and, for each defendant and for each cause of action as to which default judgment is sought, an analysis demonstrating that the facts pleaded in the complaint support the conclusion that the relevant defendant is liable with respect to that cause of action. *See* Attachment A to the Court's Individual Rules, 2(b)(ii)-(iii). The memorandum Plaintiff provided to the Court fails to satisfy these requirements. Plaintiff is directed to file a memorandum adequately addressing these issues no later than February 7, 2020.

  Further, Plaintiff cited numerous cases in its memorandum in support of the proposition that a Court may order the transfer of a defaulting defendant's frozen assets in satisfaction of a judgment. *See* Mem., Dkt. No. 43, at 18-24. The Court notes that Plaintiff failed to cite to *AllstarMarketing Group, LLC v. 158*, No. 1:18-CV-4101-GHW, 2019 WL 3936879, at *2 (S.D.N.Y. Aug. 20, 2019) where this Court specifically found that such a request—made by the same firm representing Plaintiff in this case—runs afoul of Federal Rule of Civil Procedure 69. *See also Nike, Inc. v. Wu*, No. 13 CIV. 8012 (CM), 2020 WL 257475, at *19 (S.D.N.Y. Jan. 17, 2020). To the extent

that Plaintiff's counsel—a repeat player in this district—represents otherwise in other cases that only authority supporting its position exists, the Court notes that "[f]ailures to cite and address contrary authority are subject to Rule 11 sanction[s]." *HD Brous & Co. v. Mrzyglocki*, No. 03 CIV.8385(CSH), 2004 WL 376555, at *17 (S.D.N.Y. Feb. 26, 2004) (citing cases). "Attorneys are officers of the Court, and our system of justice cannot operate efficiently if the Court cannot rely on the candor of counsel presenting an application for *ex parte* relief." *Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs.*, 166 F. Supp. 2d 805, 810 (S.D.N.Y. 2001).

Plaintiff is directed to serve this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: January 30, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge