USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/20

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiff*
*WOW Virtual Reality, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOW VIRTUAL REALITY, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>ALWAYSFAITH INTERNATIONAL TRADE CO., LTD. (HUIZHOU), CHANGCHUN BAIDROID PHOTOELECTRIC CO., LTD., CONSUMER ELECTRONICLY STORE, DONGGUAN AROMATEC PACKAGING CO., LTD., DOWELLIN TOY STORE, GUANGZHOU KARUN LIGHTING CO., LTD., GUANGZHOU TREND COMM ELECTRONIC COMPANY LIMITED, GUANGZHOU WALKER ELECTRONIC TECHNOLOGY CO., LTD., HANGZHOU SUNUO I AND E LTD., HUBEI AOLAI'EN INDUSTRY AND TRADE CO., LTD., KOSTON STORE, LIFENG MALL, NINGBO KM IMPORT & EXPORT CO., LTD., NINGBO PINBO PLASTIC MANUFACTORY CO., LTD., NINGBO SELLERS UNION CO., LTD., SHANGHAI JOIN PLASTIC PRODUCTS CO., LTD., SHANTOU CHENGHAI HANYE TOYS INDUSTRIAL CO., LTD., SHANTOU SANJOYO TRADING CO., LTD., SHENZHEN CHIPSKEY TECHNOLOGY CO., LIMITED, SHENZHEN | 19-cv-5475-GHW<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

CONZAY TECHNOLOGY LIMITED, SHENZHEN FU XIANGYI TECHNOLOGY CO., LTD., SHENZHEN HOPEPOWER TECHNOLOGY CO., LTD., SHENZHEN HOPORA ELECTRONICS CO., LTD., SHENZHEN LOVE FASHION GIFTS CO., LTD., SHENZHEN MAXU TECHNOLOGY CO., LTD., SHENZHEN MIJOY TECHNOLOGY CO., LTD., SHENZHEN NVSPARK TECHNOLOGY CO., LTD., SHENZHEN QINGPURE TECHNOLOGY CO., LTD., SHENZHEN SICILY TECHNOLOGY CO., LTD., SHENZHEN VEISTER TECH CO., LTD., SHENZHEN XINHUALONG ELECTRONIC CO., LTD., SHENZHEN ZHONGDAO TRADE CO., LTD., SHENZHEN ZTX TECHNOLOGY CO., LTD., SIANCS 3C WORLD STORE, SINBEDA TIMETHINKER STORE, TAIZHOU PURPLE STAR GIFTS CO., LTD., WENZHOU CIYUAN TRADE CO., LTD., YIWU CITY MAGIC WORLD IMP. & EXP. CO., LTD., YIWU DAIGUO JEWELRY CO., LTD., YIWU OBEST OPTICAL INSTRUMENT CO., LTD. and YUEQING CITY LITE ELECTRIC FACTORY,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or WOW** | WOW Virtual Reality, Inc. | N/A |
| **Defendants** | Alwaysfaith International Trade Co., Ltd. (Huizhou), Changchun Baidroid Photoelectric Co., Ltd., Consumer_ Electronicly_ Store, Dongguan Aromatec Packaging Co., Ltd., Dowellin Toy Store, Guangzhou Karun Lighting Co., Ltd., Guangzhou Trend Comm Electronic Company Limited, Guangzhou Walker Electronic Technology Co., Ltd., Hangzhou Sunuo I And E Ltd., Hubei Aolai'en Industry And Trade Co., Ltd., KOSTON Store, Lifeng Mall, Ningbo KM Import & Export Co., Ltd., Ningbo Pinbo Plastic Manufactory Co., Ltd., Ningbo Sellers Union Co., Ltd., Shanghai Join Plastic Products Co., Ltd., Shantou Chenghai Hanye Toys Industrial Co., Ltd., Shantou Sanjoyo Trading Co., Ltd., Shenzhen Chipskey Technology Co., Limited, Shenzhen Conzay Technology Limited, Shenzhen Fu Xiangyi Technology Co., Ltd., Shenzhen Hopepower Technology Co., Ltd., Shenzhen Hopora Electronics Co., Ltd., Shenzhen Love Fashion Gifts Co., Ltd., Shenzhen Maxu Technology Co., Ltd., Shenzhen Mijoy Technology Co., Ltd., Shenzhen Nvspark Technology Co., Ltd., Shenzhen Qingpure Technology Co., Ltd., Shenzhen Sicily Technology Co., Ltd., Shenzhen Veister Tech Co., Ltd., Shenzhen Xinhualong Electronic Co., Ltd., Shenzhen Zhongdao Trade Co., Ltd., Shenzhen ZTX Technology Co., Ltd., SIANCS 3C World Store, Sinbeda Timethinker Store, Taizhou Purple Star Gifts Co., Ltd., Wenzhou Ciyuan Trade Co., Ltd., Yiwu City Magic World Imp. & Exp. Co., Ltd., Yiwu Daiguo Jewelry Co., Ltd., Yiwu Obest Optical Instrument Co., Ltd. and Yueqing City Lite Electric Factory | N/A |
| **Defaulting Defendants** | Changchun Baidroid Photoelectric Co., Ltd., Consumer_ Electronicly_ Store, Dowellin Toy Store, Guangzhou Karun Lighting Co., Ltd., Guangzhou Walker Electronic Technology Co., Ltd., Hubei Aolai'en Industry And Trade Co., Ltd., KOSTON Store, Lifeng Mall, Ningbo KM Import & Export Co., Ltd., Ningbo Sellers Union Co., Ltd., Shanghai Join Plastic Products Co., Ltd., Shantou Sanjoyo Trading Co., Ltd., Shenzhen Fu Xiangyi Technology Co., Ltd., Shenzhen Hopepower Technology Co., Ltd., Shenzhen Hopora Electronics Co., Ltd., Shenzhen Love Fashion Gifts Co., Ltd., Shenzhen Maxu Technology Co., Ltd., Shenzhen Mijoy Technology Co., | N/A |

|  | Ltd., Shenzhen Nvspark Technology Co., Ltd., Shenzhen Qingpure Technology Co., Ltd., Shenzhen Veister Tech Co., Ltd., Shenzhen Zhongdao Trade Co., Ltd., Shenzhen ZTX Technology Co., Ltd., SIANCS 3C World Store, Sinbeda Timethinker Store, Taizhou Purple Star Gifts Co., Ltd., Wenzhou Ciyuan Trade Co., Ltd., Yiwu Daiguo Jewelry Co., Ltd., Yiwu Obest Optical Instrument Co., Ltd. and Yueqing City Lite Electric Factory |  |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms | N/A |
| **New York Addresses** | 20 Cooper Sq., New York, New York 10003; 510 East 86th Street, New York, New York 10028; 944 Havemeyer Ave, Bronx, New York 10473; 253 Broadway, New York, New York 10007; 20 Cooper Sq., New York, New York 10003; 60 Macdougal St, New York, New York 10012; 510 East 86th Street, New York, New York 10028 | N/A |
| **Complaint** | Plaintiff's Complaint filed on June 12, 2019 | 7 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on June 12, 2019 | 9-13 |
| **Hansen Dec.** | Declaration of Christopher Hansen in Support of Plaintiff's Application | 12 |

| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | N/A |
|---|---|---|
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | 13 |
| **WOW VR Mark** | U.S. Trademark Registration No. 5,021,219 for "VR BOX" for goods in Classes 9 and 28 | N/A |
| **WOW VR Products** | WOW introduced its own virtual reality headsets, which are sold under the VR BOX brand, in November 2015 through its predecessor in interest, Amaze Pictures, Inc. WOW VR Products feature a sliding front-face panel, which provides for quick access to the camera when a consumer is using an augmented reality application, and feature a customizable focus adjustment system that has separate settings for each eye | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the WOW VR Mark, and/or products in packaging and/or containing labels and/or hang tags bearing the WOW VR Mark, and/or bearing or used in connection with marks that are confusingly similar to the WOW VR Mark and/or products that are identical or confusingly similar to the WOW VR Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |

| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **January 3, 2020 Order** | January 3, 2020 Order directing Plaintiff to file an order to show cause for default judgment by January 30, 2020 | 36 |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should Not be Entered Against Defaulting Defendants and supporting papers filed on January 30, 2020 | TBD |
| **Yamali Aff.** | Affidavit of Danielle S. Yamali in support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's WOW VR Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Yamali in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $50,000.000 in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

statutory damages ("Individual Damages Award") against each and every Defaulting Defendant (a total of thirty (30) Defaulting Defendants) pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of One Million Five Hundred Thousand Dollars ($1,500,000.00), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, and employees, and all persons acting in concert with or under the direction of Defaulting Defendants, who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the WOW VR Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the WOW VR Mark;

   B. infringing in any manner Plaintiff's WOW VR Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's WOW VR Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's WOW VR Mark, or any other marks that are confusingly similar to the WOW VR Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff; and

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;
   ii. Defaulting Defendants' Assets; and
   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's WOW VR Mark or bear any marks that are confusingly similar to the WOW VR Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are enjoined and restrained from taking any of the following actions prior to April 20, 2020:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts; or

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts.

### IV. Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

### V. Temporary Continuance of Asset Restraint

1) In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

## VI. Miscellaneous Relief

2) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

3) Any failure by Defaulting Defendants to comply with the terms of this Order may be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

4) The Court releases the Twenty Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

5) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

## VII. CONCLUSION

The Clerk of Court is directed to enter judgment in favor of Plaintiff, terminate all pending motions, adjourn all remaining deadlines, and to close this case

**SO ORDERED.**

SIGNED March 27, 2020.

                                            HON. GREGORY H. WOODS
                                            UNITED STATES DISTRICT JUDGE